UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNEAST PIPELINE CO., LLC, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-464 |
| v. | : | (MANNION, D.J.) |
| A PERMANENT EASEMENT OF 0.43 ACRE AND A TEMPORARY EASEMENT OF 0.77 ACRE IN TOWAMENSING TOWNSHIP, CARBON COUNTY, PENNSYLVANIA, TAX PARCEL No. 16D-56-A2, et al., | : | |
| Defendants | : | |

# ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Martin C. Carlson, (Doc. 26), which recommends that the court grant the plaintiff PennEast Pipeline Company's motion for partial summary judgment, (Doc. 19). Neither party has filed objections to the Report.

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b) advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702

F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

In his Report, Judge Carlson notes that the present facts are essentially undisputed. Namely, a dispute over PennEast's ability to legally take his private property for a public purpose—that is, to create a pipeline right-of-way. PennEast filed the instant verified complaint in eminent domain under the Natural Gas Act seeking to condemn certain property rights it alleges are necessary for the construction, operation, and maintenance of the PennEast Pipeline project. PennEast filed the instant motion for summary judgment, seeking that the court find it is legally entitled to take the property, subject to fair compensation being provided to the defendant.

Judge Carlson recommends that, because PennEast has met the three elements necessary to prevail on the taking aspect of a land condemnation claim under the Natural Gas Act, 15 U.S.C. §717f(h), the court grant its motion. Although the defendant opposed PennEast's motion, the Report observes that none of the alleged legal obstacles he cites are directly related

to PennEast's ability to seek condemnation of the particular property at issue here. Namely, the defendant cites cases that have either been resolved in PennEast's favor or that deal with issues totally unrelated to the questions presented in this case. Further, the Report notes that PennEast's various legal hurdles, such as its requests to the FERC for amendments to its certificate, do not merit the setting aside of PennEast's right to secure the specific property at issue, as the defendant argues. Thus, in sum, the Report concludes that the opposition lodged by the defendant do not undermine the certificate of public necessity issued by the FERC to PennEast, which gives its holder "the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement." *Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300, 304 (3d Cir. 2014).

For all these reasons, Judge Carlson recommends this court grant the instant motion for partial summary judgment, finding that PennEast is legally entitled to take this parcel for public use, and proceed with the determination of fair compensation owed to the defendant.

The court has conducted a thorough review of the Report, the pleadings, and the other filings of record, as well as the applicable law in this case, and is constrained to agree with Judge Carlson's legal reasoning which

led him to his recommendation. Accordingly, the court will adopt the Report in its entirety as the decision of this court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Carlson, (Doc. 26), is **ADOPTED IN ITS ENTIRETY**;

**(2)** PennEast's motion for partial summary judgment, (Doc. 19), is **GRANTED** and **JUDGMENT IS ENTERED** in favor of PennEast as follows:

    **a.** PennEast has the right and authority to condemn the following Rights of Way on the subject property (identified in the Verified Complaint by Carbon County Tax Parcel No. 16D-56-A2) for the construction, operation, and maintenance of an interstate natural gas transmission pipeline and related appurtenances, together with rights of ingress and egress, as approved by the Order of the FERC, dated January 19, 2019, Docket CP15-558-000, granting PennEast a Certificate of Public Convenience and Necessity (the "FERC Order"):

        **i.** A permanent right of way and easement of 0.43 acre ± as depicted on Exhibit A hereto for the purpose of constructing, operating, maintaining, repairing, changing the size of, replacing and removing a 36-inch diameter pipeline and all related equipment and appurtenances thereto as approved by FERC (including but not limited to meters, fittings, tie-overs, valves, cathodic protection equipment and launchers and receivers) for the transportation of natural gas; and conducting all other activities as approved by the FERC Order; together with all rights and benefits necessary for the full enjoyment and use of the

right of way and easement. Further, Defendants shall not excavate, change the grade of or place any water impoundments or structures on the right of way and easement without the written consent of Plaintiff, nor may Defendants plant any trees, including trees considered as a growing crop, on the permanent right of way and easement; or use said permanent right of way or any part thereof in such a way as to interfere with Plaintiff's immediate and unimpeded access to said permanent right of way, or otherwise interfere with Plaintiff's lawful exercise of any of the rights herein granted without first having obtained Plaintiff's approval in writing; and Defendants will not permit others to do any of said acts without first having obtained Plaintiff's approval in writing. Plaintiff shall have the right from time to time at no additional cost to Defendants to cut and remove all trees including trees considered as a growing crop, all undergrowth and any other obstructions that may injure, endanger or interfere with the construction and use of said pipeline and all related equipment and appurtenances thereto;

ii. A temporary workspace easement totaling 0.77 acre ± as depicted on Exhibit A for use during the pipeline construction and restoration period for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the FERC Order; and

iii. The Rights of Way shall include permanent rights of ingress to and egress from the Permanent Right of Way.

**(3)** By separate order, the court will schedule a hearing for the determination of the amount of just compensation.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 22, 2021**
19-464-07